IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-25,462-07






EX PARTE ROGELIO CANNADY









ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS
AND MOTION FOR STAY OF EXECUTION FROM CAUSE NO. B-94-M004-0-PR-B IN THE 156TH JUDICIAL DISTRICT COURT

BEE COUNTY




 Per Curiam. 


O R D E R



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, § 5, and a motion for a
stay of execution.

 In December 1997, a jury found applicant guilty of the offense of capital murder. 
The jury answered the special issues submitted pursuant to Texas Code of Criminal
Procedure Article 37.071, and the trial court, accordingly, set applicant's punishment at
death. This Court affirmed applicant's conviction and sentence on direct appeal. 
Cannady v. State, 11 S.W.3d 205 (Tex. Crim. App. 2000). Applicant filed his initial post-conviction application for writ of habeas corpus in the convicting court on August 11,
1999. This Court denied applicant relief. Ex parte Cannady, No. WR-25,462-02 (Tex
Crim. App. May 23, 2001)(not designated for publication). Applicant filed his first
subsequent application in the convicting court in 2003, and this Court dismissed the
application. Ex parte Cannady, No. WR-25,462-03 (Tex. Crim. App. Oct. 22, 2003)(not
designated for publication). Applicant filed his second subsequent application in the
convicting court in March 2009, and this Court dismissed the application. Ex parte
Cannady, No. WR-25,462-04 (Tex. Crim. App. May 6, 2009)(not designated for
publication). Applicant filed this, his third subsequent application in the convicting court
on May 14, 2010.

 Applicant presents three allegations in his application. We have reviewed the
application and find that applicant's claims fail to meet the dictates of Article 11.071, § 5. 
Accordingly, we dismiss his application and deny his motion to stay his execution.

 We also note that, prior to filing his subsequent habeas application in the trial
court, applicant filed a motion to withdraw the order of the court setting applicant's
execution date. This motion was authorized under Texas Code of Criminal Procedure
article 43.141, and may be ruled upon by the trial court under the dictates of that statute. 
However, in denying the motion, the trial court declared that it was treating the motion as
a subsequent application, and it opined that it was not authorized to modify or withdraw
its previous order until this Court determined whether the requirements of Article 11.071,
§ 5, had been met. 

 Applicant's motion standing alone is not, and will not be construed by this Court to
be, a subsequent writ application subject to Article 11.071 review. 

 IT IS SO ORDERED THIS THE 17TH DAY OF MAY, 2010.


Do not publish